Filed 10/24/13  In re S.I. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re S.I., a Person Coming Under the Juvenile Court Law. | B245490 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. CK90801) |
| Plaintiff and Respondent, | |
| v. | |
| Ana H., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert Stevenson, Referee.  Affirmed.

Nicole Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the County Counsel, John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Jeanette Cauble, Senior Deputy County Counsel for Respondent.

The issue in this dependency appeal is whether a juvenile court has the authority to correct an inconsistency between the oral pronouncement of an order and the minute order of the hearing. We conclude that it does, even though the inconsistency was brought to the court's attention and addressed several months after the original order.

**FACTUAL AND PROCEDURAL SUMMARY**

We have taken judicial notice of the record in a related dependency appeal, involving the same parties in *In re S.I.*, case No. B243682. The record in the present appeal contains only those matters which arose after the appeal was filed in case No. B243682. Our summary is taken from the record in both appeals.

The minor in this case is S.I., born in 2003. S.I.'s mother and father were never married, had separated after the child was born, and lived in separate homes when this proceeding was initiated. In 2011, the Department of Children and Family Services (the Department) filed a petition pursuant to Welfare and Institutions Code section 300, subdivisions (b) and (d) alleging the child came within the jurisdiction of the juvenile court because she had been sexually abused by her father. It alleged mother had failed to protect the child. S.I. was detained and placed with her mother pending the initial detention hearing. An examination revealed no physical findings of sexual abuse. Father denied the allegations.

Further investigation led the Department to conclude that mother had coached S.I. to make false accusations of sexual abuse against father. A Los Angeles police officer met with the child at her school, out of the presence of mother. She recanted her accusation of molestation and said that her mother forced her to make the allegations. S.I. told a worker for the Department that mother had forced her to falsely accuse father of sexually molesting her. She said she was afraid of her mother and wanted to live with father.

In January 2012, the Department filed a first amended petition adding this allegation, with the additional allegation that father had failed to protect the child because he was aware, or should have been aware, of false accusations made by mother against

2

other people. A second amended petition was filed in February 2012, adding the allegation that during the pendency of the proceeding, mother had abused S.I. by hitting her with a sandal and with her hands to make sure that the child would continue to make false claims that father had sexually abused her. It also alleged that mother had attempted to estrange S.I. from father by telling her not to love him, that the food he brought to visits was poisoned, and that he was a bad person. She allegedly gave away Christmas gifts father gave to the child.

The Department brought an application under Welfare and Institutions Code section 385 to change the order releasing the child to mother's custody. S.I. was taken into protective custody and placed in a foster home. At the hearing on the application, the court ordered the child released to father. The Department recommended that father receive family maintenance services and that mother receive reunification services and monitored visits.

Mother testified at the adjudication hearing and denied hitting the child or coaching her to make false accusations of sexual molestation against father. The hearing was continued to August 20, 2012. In the interim, the Department reported father and child were making progress in conjoint therapy, father was supportive, and the child was content living with him. It recommended the child be placed in her father's home, with reunification services for father. It also recommended services for mother. Based on the child's recantation of the molestation allegations, her counsel supported sustaining the petition as to mother, but not as to father. The child's attorney wanted S.I. to remain released to father with family maintenance and mother to continue to receive monitored visitation. Counsel for mother argued that his client had not coerced the child and had not abused her emotionally or physically.

The court dismissed the allegations as to father, and sustained the allegations as to mother. The minor was declared a dependent child of the court. The court said: "I am going to follow the services that are outlined on petitioner's . . . 6, the 5-8-2012 last-minute information for the court." The court said that if a parenting class mother was taking was not appropriate, she was to take another parenting class. The court said:

3

"[Y]ou are going to get reunification services—individual counseling with a licensed therapist to address these case issues, conjoint counseling with a therapist. Conjoint counseling, if the child's therapist deems it is appropriate, and individual counseling to address sexual abuse awareness issues." Counsel for mother asked for clarification of the counseling aspect of mother's reunification services. The court explained that case issues, including sexual abuse awareness, could be addressed in individual counseling so mother would not have to do two different programs. Father was to have family maintenance services. The child was placed in the home of father. The court set the case for review in 90 days under Welfare and Institutions Code section 364. Contrary to the court's oral pronouncement, the minute order of the August 20, 2012 hearing stated: "ENHANCEMENT SERVICES ARE ORDERED FOR MOTHER." Under the section of the minute order regarding counseling, it stated that individual counseling for mother was to include parenting, case issues and sexual abuse awareness issues. Conjoint therapy for mother with the child was to be allowed if recommended by the child's therapist.

Mother filed a timely appeal from the disposition order (case No. B243682) on the ground that the early date set for review would deprive her of the six months of reunification services to which she was entitled. The Department moved to dismiss that appeal as moot because the review hearing had been continued to a date beyond six months, giving mother the full reunification period. We granted the motion and dismissed the appeal.

On November 19, 2012, the court held the Welfare and Institutions Code section 364 review hearing. At the beginning of the hearing, counsel for mother alerted the court to the inconsistency in the record of the August 20, 2012 adjudication with respect to services to mother. The inconsistency apparently had been discovered when counsel reviewed the record in preparation for the appeal in case No. B243682. The court said: "No. I granted her—it was enhancement services, since we have family services in place. All right. That is the case law, and I'm not going to order six more months of reunification services. She has enhancement services, and that is what the order will

4

stand as that." Counsel for mother objected, pointing out that the August order was specifically for reunification services. The court said the order should have been for enhancement services, explaining, "[i]f I said reunification services, I'm not sure when that happened. That was an error. There is family services in place at this point in time. Enhancement services for . . . the mother. So I am going to order continued F.M. services for the mother—enhancement services—strike that. F.M. services for the father, enhancement services for the mother." After an off-the-record colloquy with counsel, the court reiterated that it was ordering family maintenance services for father and enhancement services for mother.

Mother appealed from the November 19, 2012 order.

## DISCUSSION

Mother argues the court exceeded its authority when it clarified its order on November 19, 2012 to state that she was to receive enhancement rather than reunification services. She characterizes the court's clarification as making a nunc pro tunc order after the prior order had become final. She cites the recommendations of the Department that she receive reunification services, which made no mention of enhancement services.

According to the court in *Earl L. v. Superior Court* (2011) 199 Cal.App.4th 1490, 1497, fn. 1: "Enhancement services are child welfare services offered to the parent not retaining custody, designed to enhance the child's relationship with that parent" rather than to reunify with the child. (See also *In re A.L.* (2010) 188 Cal.App.4th 138, 142, fn. 2; *In re A.C.* (2008) 169 Cal.App.4th 636, 642, fn. 5.) In contrast, "'[r]eunification services' are 'activities designed to provide time-limited foster care services to prevent or remedy neglect, abuse, or exploitation, when the child cannot safely remain at home, and *needs temporary foster care,* while services are provided to reunite the family.' (*In re A.C.*, *supra*, 169 Cal.App.4th at p. 643, quoting Welf. & Inst. Code, § 16501, subd. (h).)

The transcript of the November 19, 2012 hearing makes it clear that the court intended to grant mother only enhancement services, and that it misspoke at the August 2012 hearing by using the term "reunification services." We conclude that the court

5

clarified, rather than modified, its August order and was within its authority to do so. Even if we treat the November order as a modification, the court had the authority to make it plain that enhancement services were ordered for mother. "[T]he juvenile court has the authority pursuant to [Welfare and Institutions Code] section 385 to change, modify or set aside its prior orders sua sponte. [Citations.]" (*Nickolas F. v. Superior Court* (2006) 144 Cal.App.4th 92, 116.) We find no error and affirm.

## DISPOSITION

The order of November 19, 2012 clarifying that mother was to have enhancement, rather than reunification services, is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                                    EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.